UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Buford Robertson, ) | C/A No. 4:13-1341-MGL-TER |
| ) | |
| Plaintiff, ) | |
| ) | Report and Recommendation |
| vs. ) | |
| ) | |
| Geo Care of South Carolina Inc.; Ron Laurenz; ) | |
| Cynthia McFadden; Bruce McClease, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff James Buford Robertson ("Plaintiff") files this case *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges Defendants failed to protect him from an attack by another inmate. As Plaintiff has failed to state a claim under the Eighth Amendment, the undersigned recommends summary dismissal of the Complaint.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

### Background and Discussion

Plaintiff is an inmate and patient at the Columbia Regional Care Center, a medical facility

which treats prisoners. Plaintiff alleges Defendants failed to protect him from an attack by a fellow inmate. ECF No. 1 at 1. Plaintiff had previously been attacked by the same inmate/patient in November 2012, yet on May 10, 2013 he was forced into recreation time with his attacker, over his pleas, and he was in fact attacked again. ECF No. 1 at 2-3. He seeks monetary damages.

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges that Defendants failed to protect him from assault, which falls under the purview of the Eighth Amendment's prohibition against cruel and unusual punishment. With respect to prisoners, the Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin* 77 F.3d 756, 761 (4th Cir.1996). The test for a violation of prisoner rights involves both an objective and subjective standard, and to succeed on an Eighth Amendment claim the prisoner must prove that "the prison official acted with a sufficiently culpable state of mind (subjective component) and ... that the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Id*.

Plaintiff alleges that Defendants knew of and disregarded the risk of assault, in that he claims

3

to have discussed the danger with them and asked that he not be placed in recreation with his attacker. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994)(the Supreme Court defined deliberate indifference, holding that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it" ).

However, the Complaint does not address the objective component required to state an Eighth Amendment claim. Plaintiff alleges only that Defendants "caus[ed] Plaintiff to suffer due to being careless." ECF No. 1 at 4. While he complains that he suffered, he does not allege injuries of any kind. He does not allege that he required medical attention. As he has failed to allege any deprivation or injury, much less a "sufficiently serious" one, he has failed to state a claim on the objective component of the test. As such, he has failed to state a claim for relief and the Complaint must be dismissed under 28 U.S.C. § 1915(e).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the case against Defendants *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

August 22, 2013  
Florence, South Carolina